### PRETTYMAN v. PENNSYLVANIA CO.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1922.)

#### No. 3631.

Master and servant ⬦112(1)—Railroad company held not liable for death of section hand killed by train on a crossing railroad.

Evidence *held* not to show any negligence of defendant railroad company, causing or contributing to the death of a section hand, who, while walking along the track in the daytime, carrying some tools to the hand car, was struck by a train on a crossing railroad, which, while approaching, was in plain view.

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Ida Prettyman, administratrix, against the Pennsylvania Company. Judgment for defendant, and plaintiff brings error. Affirmed.

C. H. Henkel, of Mansfield, Ohio (Carl J. Gugler, of Galion, Ohio, and Brucker & Henkel, of Mansfield, Ohio, on the brief), for plaintiff in error.

W. C. Boyle, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Decedent, a section hand or trackman in the employ of the Pennsylvania Company, was killed by a railroad train at a track crossing under these circumstances:

Defendant's tracks at Marion, Ohio, run practically due north and south, intersecting at right angles, from south to north, the Big Four track, the Erie main track and the Erie side track, which three tracks substantially parallel each other. The distance across these three tracks and the intervening walks was about 25 feet. The track gang of seven men had been working at the intersection of the Big Four and the Pennsylvania tracks. Five members of the force then went south on the Pennsylvania track about 1,000 feet to do other work, leaving decedent and one other member of the gang at the intersection named to tighten some bolts and perhaps do other work, upon the completion of which work these two men were to carry the tools north across the other two tracks (and to the north side of the northerly track) for loading upon a hand car, which was then to be driven to the place where the remaining members of the section force were at work. Upon the completion of their work at the intersection mentioned, decedent and his associate each carried a load of tools to the hand car, and decedent went back for the remaining tools (a pinch bar and a clawbar, possibly but one bar), which he picked up, then started north toward the hand car, crossing first the walkway, 5 or 6 feet wide, then the main Erie track and the space between that track and the Erie side track, and while crossing the latter was struck by an Erie engine coming from the east. In this action for the resulting damages the asserted negligence is, first, failure to furnish a safe place to work; and, second, failure to protect decedent in crossing the tracks, either by guards or by proper rules and regulations.

At the conclusion of the plaintiff's testimony the trial judge directed verdict for defendant, for lack of proof of actionable negligence proximately causing the decedent's death. It affirmatively appeared that defendant had "rules and regulations as to guarding or protecting" employees "working at intersecting crossings," but what those rules and regulations provided was not shown. The asserted negligence in failing to provide such rules must therefore be passed by.

It was the duty of the defendant company to take all reasonable precautions to provide decedent a reasonably safe place to work, and to guard him from extraordinary dangers not readily discoverable, or while he was so engrossed in his occupation that he was unable or unlikely to see the approaching train, as is frequently the case, for ex-

ample, in certain track work or bridge work. Decedent had the right, as plaintiff's counsel contends, to assume that defendant had exercised for his safety such precautions as the circumstances readily permitted, and was not bound to seek out and discern extraordinary dangers imposed upon him. Smith v. Payne, Director General of Railroads (C. C. A. 3) 269 Fed. 1. But the difficulty is that when this unfortunate accident occurred decedent was not engaged in track work. His work at the intersection referred to was completed. In carrying the tools across the tracks he is not shown to have been in position where his attention would naturally be diverted from the dangers always present at track intersections, nor would he seem normally to have been so far engrossed in his work as to produce that result, nor was such shown to be the fact, giving, as we must, full credit to the testimony in plaintiff's favor. When decedent picked up the tools and left the Big Four intersection, the train on the Erie side track (about 20 feet to the north) was about 800 feet east of the crossing and in plain view. The accident occurred at 4 o'clock in the afternoon of July 12, and so presumably in broad daylight. When last seen alive, so far as the record shows, decedent, carrying a bar on his back, was walking straight ahead, toward and within 2 feet from the Erie side track; the train which struck him being then but about 10 feet away.

There is a suggestion that decedent's attention may have been diverted by a call from his companion (when decedent was picking up the tools) to look out for the train which later struck him, or perhaps by the fact that as he was leaving the Big Four intersection a Big Four train passed, making considerable noise. But these suggestions, as the evidence is presented, are little, if anything, better than possibilities, and, in our opinion, fall short of showing a breach of duty on defendant's part. We find ourselves unable to see by what specific precautions defendant could further have safeguarded decedent, unless by posting a watchman on the crossing to warn decedent of dangers which, as the record indicates, were, at the time and under the circumstances, equally open to decedent's observation. Indeed, no authorities are cited which, under the facts of this case, seem to us to sustain the contention that the accident occurred through any negligence on defendant's part. Manifestly defendant is not liable for the failure of the Erie train (if it did fail) to give the normal warnings of its approach, and, as the Erie Company is not a party to this suit, questions of comparative negligence as between decedent and that company are not before us.

We see no escape from the conclusion that the trial court properly held that there was no substantial evidence of any negligence on defendant's part causing or contributing to the accident, and that verdict for defendant was thus properly directed. This action was not in conflict with the rule, recognized in several decisions of this court (including Nelson v. Ohio Cultivator Co., 188 Fed. 620, 629, 112 C. C. A. 394), that a verdict should not be directed for defendant merely because the trial judge feels that, should the jury find in the plaintiff's favor, he would regard it his duty, in the exercise of a sound judicial discretion, to set the verdict aside.

The error assigned upon the denial of motion for new trial has not been argued here.

Finding no error in the proceedings, the judgment of the District Court is affirmed.